IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JAMES R. THOMPSON §<br>    Plaintiff §<br> §    CIVIL ACTION NO. _____<br>vs. §<br> §<br>DAPHNE GAMMON §<br>    Defendant § | |

**PLAINTIFF'S ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT**

Plaintiff James R. Thompson ("Thompson") complains of Defendant Daphne Gammon ("Defendant") and respectfully shows the Court as follows:

### I. PARTIES

1. Plaintiff James R. Thompson is an individual citizen and resident of the State of Texas.

2. Defendant Daphne Gammon, an individual, who, upon information and belief, is domiciled in New Mexico. Defendant may be served at her residence at 2 Tecolote Road, El Prada, New Mexico 87529.

### II. JURISDICTION AND VENUE

**Diversity Jurisdiction**

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the minimum jurisdictional limits of this Court and the parties are citizens of different states. Plaintiff Thompson is a citizen of the State of Texas for diversity jurisdictional purposes, Defendant Gammon is a citizen of New Mexico.

**Personal Jurisdiction**

4. This Court has personal jurisdiction over the Defendant because she is a resident of New Mexico and the real property that is the subject of this lawsuit is in Taos, New Mexico.

**Subject Matter Jurisdiction**

5. Plaintiff invokes this Court's jurisdiction under 28 U.S.C. § 2201. As set forth herein, an actual controversy exists between the parties

**Venue**

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

### III. FACTUAL BACKGROUND

**The Property**

7. Plaintiff is the owner of a parcel of property located in Taos County, New Mexico. The address of the property is 89 Walking Rain Road, Arroyo Seco, New Mexico.

8. Defendant claims to own a parcel of property adjacent to, and generally east of, Plaintiff's property at 89 Walking Rain Road.

9. Defendant claims that Plaintiff's land is burdened by a "road easement," and that this "road easement" is the only access to Defendant's property.

10. On information and belief, Defendant bases this claim upon the presence of a trail, part of which once crossed Plaintiff's property.

11. There is no "road easement," or easement of any kind, that burdens the Plaintiff's property at or near the location of the trail described above.

12. On information and belief, an easement does exist for a road to Plaintiff's property. Said easement is entitled "Walking Rain Road," and it burdens the Defendant's

property as well as a parcel of property that lies immediately south of Defendant's property and immediately east of Plaintiff's property. The easement for "Walking Rain Road" does not in any way traverse, encumber, or burden Plaintiff's property.

13. Defendant claims to own an easement across Plaintiff's property, in the vicinity of the trail described above.

### The "Event"

14. Plaintiff recently commenced construction of a wall on his property, on or near the undocumented trail described above. The wall is entirely within the boundaries of Plaintiff's property, and does not cross or encroach upon any easements or servitudes. In particular, the wall does not encroach upon the easement entitled "Walking Rain Road" that burdens property adjoining the Plaintiff's.

15. Shortly after construction commenced, Plaintiff received correspondence from Defendant's counsel. In the correspondence, counsel asserted Plaintiff's claim that she owns a "road easement," which was "clearly visible on the ground" before Plaintiff began construction of the wall.

16. Although Plaintiff has requested that Defendant and/or her counsel provide documentation of the "road easement" that Defendant claims to own, no such documentation has been provided.

17. No documentation of any such "road easement" burdening Plaintiff's land is recorded in the records of Taos County, New Mexico.

18. Through her counsel, Defendant asserts that Plaintiff, by constructing the wall on his property, has committed "continuing intentional and willful torts," and that Plaintiff's acts have completely "destroyed the value" of Defendant's land.

19. On information and belief, before Plaintiff began construction of the wall, Defendant's property had been listed for sale in Taos, New Mexico, for a price in excess of six hundred thousand ($600,000) dollars.

## IV. CAUSE OF ACTION

Declaratory Judgment

20. An actual controversy exists between the parties over whether there is any express easement that burdens Plaintiff's land, for access to Defendant's land.

21. An actual controversy exists between the parties over whether there is any implied easement that burdens Plaintiff's land, for access to Defendant's land.

22. An actual controversy exists between the parties over whether there is any prescriptive easement that burdens Plaintiff's land, for access to Defendant's land.

23. An actual controversy exists over whether Plaintiff, by building the wall, has committed "continuing intentional and willful torts."

24. Plaintiff seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq., that the express easement is not on Plaintiff's land, that his land is not encumbered by any implied or prescriptive easement, and that he has not committed any torts, whether continuing, intentional, or willful.

## V. PRAYER FOR RELIEF

Wherefore, Plaintiff Thompson requests the following:

- declaration that the claimed easement is not on Plaintiff's land;
- declaration that there is no easement by prescription;
- declaration that there is no implied easement on Plaintiff's land;
- reasonable and necessary costs and expenses;

- such other relief as to which Thompson is justly entitled.

>Respectfully submitted,
>
>**HOLLAND & HART LLP**
>
>**B**Y*/S/ B*RADFORD *C. B*ERGE
>         Bradford C. Berge
>Post Office Box 2208
>Santa Fe, New Mexico  87504-2208
>(505) 988-4421
>(505) 983-6043  – FAX
>bberge@hollandhart.com
>
>**WINSTEAD PC**
>John J. Reenan, Esq. - SB# 00789777
>5400 Renaissance Tower
>1201 Elm Street
>Dallas, Texas 75270
>(214) 745-5400 / (214) 745-5390 – FAX
>
>**ATTORNEYS FOR PLAINTIFF**
>**JAMES R. THOMPSON**