IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JAMES R. THOMPSON,

       Plaintiff,

v.                             No. 12-CV-276 MCA/SMV

DAPHNE GAMMON and
MARTHA SCHUETZ,

       Defendants.

**MEMORANDUM AND OPINION ORDER**

**THIS MATTER** is before the Court on Defendant Martha Schuetz's *Motion to Dismiss* [Doc. 18] and Defendant Daphne Gammon's *Motion to Dismiss First Amended Complaint for Failure to Join Indispensable Parties* [Doc. 12]. Having considered the parties' submissions, the relevant law, and otherwise being fully advised in the premises, the Court holds both motions in abeyance pending Plaintiff's compliance with this order, as set forth below.

**I.      FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff Thompson owns land in a mountainous area of Taos County known as "El Salto." [Doc. 7-5; Doc. 9, ¶ 7; Doc. 18, ¶ 2] This dispute is about a road (as Defendants describe it) or trail (as Plaintiff describes it), named Walking Rain Road (hereafter, the Road). [Doc. 9, ¶¶ 9-12] The Road runs north from El Salto Road, and at places runs just inside Plaintiff's property's eastern border. [Doc. 7-3, 7-5] Though the Road runs within Plaintiff's property, survey documents show a fifteen foot platted easement for ingress,

egress and underground utilities running entirely within the borders of the properties to Plaintiff's east, including the southern-most parcel along Plaintiff's eastern border (hereafter the Weiner[1] property), and the adjacent parcel of land (just north of the Weiner property) along Plaintiff's eastern border, owned by Defendant's Daphne Gammon and Martha Schuetz. [Docs. 7-3; 7-5; 12 ¶ 8] Defendants indicate that Walking Rain Road is the access to their property and the only access to the properties to their north. [Doc. 12, ¶¶ 5-7]

This dispute arose in 2011, when Plaintiff erected a gate and wall on his property, which purportedly obstructs the Road and Defendants' access to their property. [Doc. 12, ¶¶ 6, 8; Doc. 9, ¶¶ 14-16]  According to Defendants, south of the Weiner property the Road runs west, out of the area of the platted easement and onto Plaintiff's property. [Doc. 12, ¶ 8] Defendants claim the Road was built in its current location because of the steep terrain of the area of the platted easement, and it has been in its current location since at least 1991. [Id.] Additionally, Defendants claim the location of the road was settled by a quiet title judgment in *Gottfried Schuetz, et al v. Lenore Alarid, et al*, Taos

---

[1] Though the briefs of the various parties refer to the owner of this parcel of land as either the Weiners [Doc. 12, ¶ 8] or the Clifford M. Weiner Family Trust [Doc. 18, ¶¶ 6, 7], the only evidence in the record indicates that the Weiner property is now owned by the Clifford M. Weiner Family Trust.  [Doc. 19, ¶ 5] Without deciding the issue, the Court assumes the property is held by the Trust and will refer to this property as the Weiner property and the owner as the Weiners solely for ease of reference.  Notably, thus far, no party has alleged the identities of the beneficiaries or the trustee of the Weiner Family Trust, or their citizenship.  As discussed later, such facts are necessary to determine whether joinder of the Trust will divest the Court of subject matter jurisdiction.

Cause No. 86-123CV. [Id.]  The only portion of the purported quiet title judgment in the record states as follows:

> Subject to[2] an easement fifteen feet (15') wide for ingress and egress and underground utilities, which easement runs generally along the west boundary of the tract described above to the property of Randolph F. Reed, as described in Deed recorded in Book A-140 at page 892, and to property formerly of John and Kathryn S. DeWitt, as described in Deed recorded in Book A-149 at page 515, records of Taos County.  It is understood that this easement shall be located on the ground along the most topographically feasible route to said properties.  The route shall be mutually agreed upon by Plaintiffs, Randolph F. Reed and John and Kathryn DeWitt or their assigns before actual construction begins.

[Id.]

Plaintiff built his gate and wall north of the Weiners' driveway, and thus it does not appear to obstruct access to the Weiner property. [Doc. 7-5] In the area platted for the easement, the owners of the Weiner property erected extensive rock landscaping, which, Defendants state, would create an obstacle to relocating the Road to the platted area and which obstructs Defendants' access to their property via the platted easement. [Doc. 7-5; Doc. 18, ¶ 5]

After Plaintiff built his gate and wall, Defendant Gammon sent a communication to him, through counsel, claiming an easement across his land. [Doc. 9, ¶ 15]   In response, Plaintiff brought this declaratory judgment action. [Doc. 1] Subsequently, Defendant Schuetz separately sent a communication to Plaintiff, through counsel, claiming an easement across his land. [Doc. 9, ¶ 16] In turn, Plaintiff amended his

_____

[2] Neither the property which is "subject to" the easement, nor the parties to the quiet title action, are identified in the excerpt of the judgment cited by Defendant Gammon.

complaint to add Ms. Schuetz as a Defendant.  [Id.] Among other relief, Plaintiff seeks an order from the Court declaring that: "the claimed easement is not on Plaintiff's land; . . . there is no easement by prescription on Plaintiff's land; . . . [and] there is no implied easement on Plaintiff's land." [Doc. 9, p. 5]

Defendants move for dismissal under Federal Rule of Civil Procedure 19, arguing that the case must be dismissed for Plaintiff's failure to join three groups of absentees. [Doc. 12; Doc. 18]   The first absentees are the Weiners. [Doc. 12, p. 6] Defendant Gammon argues that the Weiners use a portion of the Road outside of the platted 15' easement for access to their driveway, and thus a determination by this Court that there is no easement through the Thompson property will adversely affect the Weiners. [Id.] As such, Defendant Gammon argues that the Weiners have a legally protected interest in the use of the Road, and complete relief cannot be granted in their absence. [Id.]  Defendant Schuetz makes an additional argument:  that the Weiners are indispensable pursuant to Rule 19(b) because:

> Plaintiff's claims that the Thompson Parcel is not benefitted with an easement would, if successful, leave Defendant Schuetz then vulnerable to the contention in a separate lawsuit that any easement which may have once been in place along the western boundary of the Weiner Parcel has been abandoned, due to the longstanding use of the Walking Rain Road as it traverses the Thompson Parcel.

[Doc. 18, ¶ 6]  Defendant Schuetz further states:  "[a]s it is believed Clifford Weiner resides in Texas and his Trust is domiciled there, it is likely Plaintiff will argue joinder is not feasible without depriving the Court of subject matter jurisdiction.  Anticipating this

argument, Defendant Schuetz contends Plaintiff has an adequate remedy of suing to resolve the easement issues in state court in Taos County." [Doc. 18, ¶ 7]

Additionally, Defendant Gammon (but not Defendant Schuetz) asserts there are two other groups of absentees which must be joined:  the northern landholders and the Walking Rain Road Association.   [Doc. 12, p. 6] As to the northern landholders, Defendant Gammon argues that:

> Plaintiff has further failed to join as Defendants those other owners believed to be now or formerly DeWitt, Reed and Walker.  These other owners have no access to their property since Plaintiff has obliterated Walking Rain Road and the Weiners have blocked the 15' platted easement.  These property owners have a 'legally protected interest in this suit' and complete relief cannot be granted in their absence.

[Id.]  Defendant Gammon asserts she does not know the citizenship of the northern landholders. [Doc. 12 p. 7] As to the Walking Rain Road Association (hereafter, the Association), Defendant Gammon argues that the Association has the authority and responsibility for the maintenance of Walking Rain Road, and thus the Association is a necessary party without whom complete relief can be granted. [Doc. 12, p. 6]

Plaintiff presents one simple response to Defendants' arguments.  Plaintiff, having brought a claim for declaratory relief, argues that the only justiciable controversy is between him on the one side and Defendants on the other, as they are the only ones claiming an interest in the subject matter of this dispute. [Doc. 14, pp. 2-3; Doc. 20, pp. 2-3] Thus, he argues that all the necessary parties are before the Court. [Id.]

## II.    ANALYSIS

"There are no special provisions detailing parties needed for a just adjudication in declaratory actions; general principles of joinder control." *State Farm Mut. Auto. Ins. Co. v. Mid-Continent Cas. Co.*, 518 F.2d 292, 294 (10th Cir. 1975).  "[A]ll interested parties should be joined in a declaratory judgment action whenever possible and . . . a declaratory judgment should not be entered unless it disposes of a controversy and serves a useful purpose." *Id.* at 296.

Federal Rule of Civil Procedure 12(b)(7) governs a motion to dismiss for failure to join a party under Federal Rule of Civil Procedure 19.  "The moving party has the burden of persuasion in arguing for dismissal" for failure to join a required party.  *Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996) (internal quotation marks and citation omitted).  The moving party can meet its burden by relying on extra-pleading evidence, such as affidavits.  *Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994).

The District Court is vested with discretion in determining whether an absentee is indispensable.  *Rishell*, 94 F.3d at 1410-11 (1996).  The Court abuses its discretion where it fails to consider a relevant factor, relies on an improper factor, or where its conclusion is not supported by its reasoning.  *Id.* at 1411.  "Whether . . . a particular lawsuit must be dismissed in the absence of [a] person[] can only be determined in the context of particular litigation."  *Provident Tradesmens Bank & Trust Co. v. Patterson,* 390 U.S. 102, 118 (1968).  A court's analysis under Rule 19 "must be based on stated pragmatic

considerations." *Id.* at 106-07.  It is generally an abuse of discretion to consider the merits of the parties' or absent person's claims, unless frivolous, in a Rule 19 analysis. *Republic of the Philippines v. Pimentel*, 553 U.S. 851, 867 (2008) (concluding that the Court of Appeals "erred in undertaking to rule on the merits" of the absent persons' claims where those claims were not frivolous); *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1291 (10th Cir. 2003).  While factual determinations are reviewed for an abuse of discretion, "underlying legal conclusions . . . are reviewed de novo."  *Davis*, 343 F.3d at 1289.

Rule 19[3] requires a multi-factorial analysis, as follows:

(a) Persons Required to Be Joined if Feasible.
(1) Required Party. A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:
> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.
(2) Joinder by Court Order. If a person has not been joined as required, the court must order that the person be made a party. . . .
. . .

---

[3] Rule 19 was amended in 2007, however, Courts have recognized that those changes are stylistic only.  *See, e.g., Pimentel*, 553 U.S. at 855-56.  These changes include replacing the word "necessary" with the word "required" in 19(a) and deleting the word "indispensable" from the rule.  *Id.*

(b) When Joinder Is Not Feasible. If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed. The factors for the court to consider include:

(1) the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties;

(2) the extent to which any prejudice could be lessened or avoided by:

      (A) protective provisions in the judgment;

      (B) shaping the relief; or

      (C) other measures;

(3) whether a judgment rendered in the person's absence would be adequate; and

(4) whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder.

Accordingly, the Court now turns to an analysis of the Rule 19 factors in the context of this case.

### a.      Rule 19(a): "Persons Required to be Joined if Feasible"

Rule 19(a)(1) defines a required party and outlines the factors the Court must consider to determine whether a party is required. The Court must consider whether an absent person is required based the following three factors: "(1) whether complete relief would be available to the parties already in the suit, (2) whether the absent party has an interest related to the suit which as a practical matter would be impaired, and (3) whether a party already in the suit would be subjected to a substantial risk of multiple or inconsistent obligations." *Rishell*, 94 F.3d at 1411.

If the disposition of the action in the absence of non-joined parties may impair or impede their ability to protect [their] interest or leave any of the persons already parties subject to the risk of incurring double, multiple or otherwise inconsistent obligations, they should be joined if it is feasible to join them.

*Francis Oil & Gas Inc. v. Exxon Corp.*, 661 F.2d 873, 877 (10th Cir. 1981).

### 1. Rule 19(a)'s First Factor

The first Rule 19(a) factor is whether the court can accord complete relief among the existing parties in the absence of the non-joined person(s).   Fed. R. Civ. P. 19(a)(1)(A).  Plaintiff seeks a declaratory judgment that "the express easement is not on Plaintiffs (*sic*) land, that his land is not encumbered by any implied or prescriptive easement, and that he has not committed any torts, whether continuing, intentional or willful."  [Doc. 9, p. 4-5] To the extent a judgment is binding only against the current Defendants, the Court assumes without deciding that Plaintiff's argument that no other parties are necessary is accurate.[4]  Accordingly, complete relief can be accorded among the existing parties without the joinder of any absentees, and this factor does not indicate that any other party is required.

### 2. Rule 19(a)'s Second Factor

The second Rule 19(a) factor is whether the non-joined person "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . as a practical matter impair or impede the person's ability to

---

[4] The general proposition is that a plaintiff has an interest in structuring his lawsuit. *C.f. Birmingham v. Experian Info. Solutions, Inc.*, 633 F.3d 1006, 1021 (10th Cir. 2011) (stating that a plaintiff's autonomy in structuring the litigation may be outweighed by Rule 19 considerations).  That said, to the extent Plaintiff is seeking a broad declaration that there is no easement on his property, by only suing Defendants he has limited the relief he can obtain to a declaration that Defendants have no easement on his property.  Without joinder of the northern landholders or the Weiners, the declaration would not be binding upon them in their absence.

protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i). This factor has two sub-factors: that the absentee claims an interest, and that the interest may be impaired or impeded in absentee's absence. *Id.* Plaintiff argues that the only case or controversy here is between him on the one side and Defendants on the other, but Defendants argue that the Weiners have a legally protected interest in the suit because, where Plaintiff's and the Weiner property adjoin, Walking Rain Road runs on Plaintiff's land and the Weiner driveway attaches to Walking Rain Road on Plaintiff's property. Thus, Defendants argue, the Weiners must traverse Plaintiff's land to access their driveway. [Doc. 12, p. 6]

Plaintiff is asking this Court to declare that there is no easement on his land. [Doc. 9, p. 5] The Weiners have an interest in accessing their property. The exhibits all show that the access the Weiners are using is the Road where it runs on Plaintiff's land. [Doc. 19-1, 19-2] Thus, a declaration that there is no easement will potentially affect the Weiners' interests, specifically including, but not limited to, their access to their property and their property value. As a practical matter, a judgment may impair or impede the Weiners' ability to protect their interest in the Road. *Provident Tradesmen Bank & Trust*, 390 U.S. at 110-11. Likewise, the northern landholders have the same interest in the Road, and a determination by this Court that there is no easement on Plaintiff's property may impede them from access to their property, due to Plaintiff's gate and wall, as well as detract from their property value.

The Court concludes that Defendants have met their burden of persuasion in establishing that the Weiners and the northern landholders "claim[] an interest relating to

10

the subject of the action and [are] so situated that disposing of the action in [their] absence may . . . as a practical matter impair or impede [their] ability to protect the interest." Fed. R. Civ. P. 19(a)(1)(B)(i).   However, the Court is not persuaded by Defendant Gammon's argument that the Association has a legally protected interest in the easement.   Though the Association collects dues and is responsible for the maintenance and upkeep of the Road, it has no property interest in the Road, and, thus has no protected interest in the easement dispute. [Doc. 7-6, ¶ 1.6; Doc. 7-7, ¶ 10]   Therefore, the Court concludes that only the Weiners and the northern landholders have an interest in the subject matter of this case which may be impaired or impeded by their absence as parties.

### 3.   Rule 19(a)'s Third Factor

Finally, the third Rule 19(a) consideration is whether the absent person(s) "claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may . . . leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B)(ii). Defendant Schuetz argues that, if the Court determines that there is no easement, Defendants may be subject to inconsistent obligations by a subsequent legal determination that Defendants abandoned the platted easement by non-use. [Doc. 18, ¶ 6]

The Court is not persuaded.  An *obligation* is not the same as a *remedy*.  Even if Defendants lose against Plaintiff in this lawsuit, there will be no *obligation*, or duty, of Defendants, but rather a potential lack of *remedy* for Defendants as against Plaintiff.

Similarly, if Defendants were to sue the Weiners and lose, Defendants again would not have any *obligation*, but rather, have no *remedy*. This Court previously addressed the limited meaning of "inconsistent obligations" in *Begay v. Pub. Serv. Co. of New Mexico*, 710 F.Supp.2d 1161, 1183, No. CIV 09-0137 JB/RLP (D.N.M. 2010). The Court stated:

> "Inconsistent obligations" are not . . . the same as inconsistent adjudications or results. Inconsistent obligations occur when a party is unable to comply with one court's order without breaching another court's order concerning the same incident. Inconsistent adjudications or results, by contrast, occur when a defendant successfully defends a claim in one forum, yet loses on another claim arising from the same incident in another forum. Unlike a risk of inconsistent obligations, a risk that a defendant who has successfully defended against a party may be found liable to another party in a subsequent action arising from the same incident—i.e., a risk of inconsistent adjudications or results—does not necessitate joinder of all of the parties into one action pursuant to Fed.R.Civ.P. 19(a).

*Id.* (quoting *Delgado v. Plaza Las Americas, Inc.*, 139 F.3d 1, 3 (1st Cir. 1998)). Here, Defendants cite only a potential lack of a remedy and thus Defendants have not persuaded the Court that the absence of a party or parties will subject them to inconsistent obligations.

### 4.      Defendants Have Met Their Burden under Rule 19(a)

Defendants have met their burden of establishing that the Weiners' and the northern landholders' ability to protect their interests may be impaired or impeded if they are not joined as parties. The Court is not persuaded, however, that the Road Association has a legally protected interest which may be impaired or impeded if it is not joined. Nor is the Court persuaded that Defendants would be at a substantial risk of incurring inconsistent obligations without the joinder of an absentee. However, as Defendants have

identified absent required parties, the Court must consider whether such parties can be joined without divesting the Court of jurisdiction.

### 5.     Diversity Jurisdiction

If an absentee meets the definition of a required party under Rule 19(a), the "court must order that the person be made a party[,]" unless joinder will deprive the court of subject matter jurisdiction.  Fed. R. Civ. P. 19(a)(1), (2).  "The party invoking federal jurisdiction [in this case, Plaintiff] bears the burden of establishing such jurisdiction as a threshold matter." *Radil v. Sanborn W. Camps, Inc*., 384 F.3d 1220, 1224 (10th Cir. 2004).  If joinder of the absentees will not divest the Court of jurisdiction, then the Court orders their joinder and the case proceeds.  Fed. R. Civ. P. 19(a)(2).  However, if joinder of the absentee will divest the Court of subject matter jurisdiction, then joinder is "not feasible" and the Court must determine whether the action should proceed in equity and good conscience without the absentee or whether it must be dismissed.  Fed. R. Civ. P. 19(b).  Thus, before moving to the Rule 19(b) analysis, the Court must consider the preliminary question of whether joinder of the absent parties is feasible.

Based on the record, the Court is unable to determine the citizenship of the absentees, and thus is unable to determine whether joinder of the absentees would divest the Court of subject matter jurisdiction.  As to the northern landholders, there are no allegations as to, nor evidence of, their citizenship in the record. [See Doc. 9, ¶ 3; Doc. 12, p. 7]  As to the owner of the Weiner property, record evidence indicates it is owned by the Clifford M. Weiner Family Trust. [Doc. 18, ¶ 7; Doc. 19, ¶ 5]  Generally, the

13

citizenship of a trust is determined by looking at the citizenship of all of the beneficiaries of the trust.  *See Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1222 n.1 (10th Cir. 2011) (discussing, in the context of diversity jurisdiction, whether the trust or the trustee is the real party in interest and the resulting analysis of citizenship); *San Juan Basin Royalty Trust v. Burlington Resources Oil & Gas, Co.*, 588 F.Supp.2d 1274, 1277-78, No. 08-532 WJ/ACT (D.N.M. 2008) (discussing the significance of considering the identity of the named party in determining whether the citizenship of the trustee or the trustee's beneficiaries control the diversity analysis and holding that the citizenship of the beneficiaries of the trust determined the citizenship of the trust); *The Ryan Family Trust v. Preston*, 2009 WL 5217995, * 2 (D.Colo. 2009) (same); *but see Lenon v. St. Paul Mercury Ins. Co.*, 136 F.3d 1365, 1370 (10th Cir. 1998) (holding that, under the circumstances of the case, the relevant citizenship for determining diversity jurisdiction was the citizenship of the plaintiffs, who were trustees of express trusts).  Thus far, however, there is no evidence of the identities of the beneficiaries of the trust and their citizenship.  The same is true for the identity and citizenship of the northern landholders.  Accordingly, due to the dearth of evidence, it is impossible for the Court to determine whether joinder of the absent parties would divest the Court of jurisdiction.

Where a Plaintiff fails to sufficiently allege facts establishing diversity jurisdiction, the Court generally allows a plaintiff the opportunity to amend his complaint to sufficiently allege jurisdiction. 28 U.S.C. § 1653 (allowing the trial court to set terms for the amendment of defective allegations of jurisdiction); *see San Juan Basin Royalty*

14

*Trust*, 588 F.Supp.2d at 1276 ("Under normal circumstances, [the defendant] would be allowed to amend its notice of removal to properly allege its citizenship.")  Thus, Plaintiff must amend his complaint to add all required parties and sufficiently allege their citizenship.  *Id.*; Fed. R. Civ. P. 19(a)(2) ("If a person has not been joined as required, the court must order that the person be made a party.").

Having concluded that the Plaintiff must amend his complaint to join the absent landholders, the Court nonetheless finds it expedient to address the Rule 19(b) analysis at this time given the pending motions.  If Plaintiff cannot join the absent landholders because it would divest the Court of diversity jurisdiction, but, based on equity and good conscience, Rule 19(b) dictates this action should proceed in their absence, the parties will not have the delay of re-briefing their Rule 19(b) arguments and waiting for a decision on the matter before proceeding with the case.  If, however, the Court determines that the case cannot proceed in equity and good conscience without the absentees, then the failure to join such parties will result in the dismissal of this action.  Thus, the Court turns to Rule 19(b).

### b.      Rule 19(b): When Joinder is Not Feasible

If the Court determines that a required person or persons under Rule 19(a) cannot be joined for any reason, including that it would destroy diversity jurisdiction, the Court must analyze whether, in equity and good conscience, the case should continue in that person's absence under Rule 19(b).

> [T]he Rule 19(b) factors . . . represent[] four distinct interests: (1) the interest of the outsider whom it would have been desirable to join; (2) the interest of the defendant in avoiding multiple litigation, inconsistent relief, or sole responsibility for a liability he shares with another; (3) the interest of the courts and the public in complete, consistent, and efficient settlement of controversies, settling disputes by wholes, whenever possible; and (4) the plaintiff's interest in having a forum in which to present the claims.

*Davis*, 343 F.3d at 1290 (quoting *Provident Tradesmens Bank & Trust*, 390 U.S. at 109-11) (internal quotation marks, alterations and ellipses omitted).  When weighing the Rule 19(b) factors, the court must consider that a plaintiff has "an interest, granted by federal law, in the chosen federal forum[,] [t]hus, a competing interest of the nonparty, a party, or the judicial system [is] needed in order to outweigh the plaintiff's interest in its chosen forum."  *Thunder Basin Coal Co. v. Southwestern Pub. Serv. Co.*, 104 F.3d 1205, 1211 (10th Cir. 1997) (internal citations omitted).  These factors are not meant to be rigid, technical, or exhaustive, but rather to be guides in the equitable determination.  *Davis*, 343 F.3d at 1289.

### 1.    Rule 19(b)'s First Factor

The first Rule 19(b) factor is "the extent to which a judgment rendered in the person's absence might prejudice that person or the existing parties."  Fed. R. Civ. P. 19(b)(1).  "[T]he prejudice inquiry under Rule 19(b) is essentially the same as the inquiry under Rule 19(a)(2)(i) into whether continuing the action without a person will, as a practical matter, impair that person's ability to protect his interest."  *Davis*, 343 F.3d 1291 (internal quotation marks and citation omitted).  As discussed by the Supreme Court:

> Of course, since the outsider is not before the court, he cannot be bound by
> the judgment rendered. This means, however, only that a judgment is not
> res judicata as to, or legally enforceable against, a nonparty.  It obviously
> does not mean either (a) that a court may never issue a judgment that, in
> practice, affects a nonparty or (b) that (to the contrary) a court may always
> proceed without considering the potential effect on nonparties simply
> because they are not 'bound' in the technical sense.  Instead, as Rule 19(a)
> expresses it, the court must consider the extent to which the judgment may
> 'as a practical matter impair or impede his ability to protect' his interest in
> the subject matter.

*Provident Tradesmens Bank & Trust*, 390 U.S. at 110 (internal footnotes omitted).  In some circumstances, where a party's interests "are substantially similar, if not virtually identical, to" the absent required party's interests, such that the absentee's interests are fully represented by parties present, this factor does not weigh in favor of joinder.  *Sac and Fox Nation of Missouri v. Norton*, 240 F.3d 1250, 1259-60 (10th Cir. 2001) (holding that potential prejudice to the absent tribe was minimal because the interests of a party, the Secretary of Interior, who sought to take a tract of land into trust for the absent tribe, were substantially similar, if not virtually identical, to the absent tribe's interests); *Rishell*, 94 F.3d at 1412 (holding that absent husband and son's interests, which were derivative of injured woman's claims, were adequately represented by presence in suit of injured woman's curator).

Here, as in *Provident Tradesmens Bank and Trust*, because the absentees are not parties to this action, neither the elements of *res judicata* nor collateral estoppel are met.  *See Ullrich v. Blanchard*, 171 P.3d 774, 777-78 (N.M. App. 2007) (stating the elements of res judicata and collateral estoppel, which both require that the parties in the second

suit are the same as, or privies to, those of the first suit).   However, as a practical matter, Plaintiff has built a gate and wall which may impair the access of the absent northern landholders to their property.  A judgment for Plaintiff in this case, even if not binding on the northern landholders, may prejudice them in having to bring a separate suit seeking to protect their claimed easement.   Thus, an adjudication in the absence of the absentees may impair their interests.

Further, here the Court cannot say that interests of the absentees are substantially similar to those of the current parties to the lawsuit.  This in not a case in which one of the parties is the trustee for an absent party, as in *Sac and Fox Nation of Missouri*.  Nor is this a case involving derivative claims, like *Rishell*.  Rather, this is a property dispute between neighbors, and, unlike in *Rishell* and *Sac and Fox Nation of Missouri*, Defendants have no duty to represent any of their neighbors' interests.  More pointedly, the briefing reveals a potential lack of alignment of interests between Defendants and the Weiners.  On the one hand, Plaintiff seeks a declaration that there is no easement (express, implied or prescriptive) on his property, which, if granted, appears to be detrimental to the interest of the Weiners who access their driveway by traversing Plaintiff's property, resulting in a likely alignment between the Weiners and Defendants.  On the other hand, the Court cannot say that the Weiners' interests are substantially similar to those of Defendants because the Weiners have purportedly obstructed the platted easement which would be Defendants' alternate access to their land and may require a legal action between Defendants and the Weiners to resolve.  Thus, the interests of the Weiners are not so

aligned with the Defendants' that the Court can say, as a practical matter, that the Weiners interests will be protected by Defendants. As a pragmatic matter, this is a case in which each party with a potential interest should be present to represent that interest.

In sum, as with the Rule 19(a)(2)(i) analysis, this factor weighs in favor of a conclusion that the absentees are indispensable parties.

### b.      Rule 19(b)'s Second Factor

The second Rule 19(b) factor is "the extent to which any prejudice could be lessened or avoided by: (A) protective provisions in the judgment; (B) shaping the relief; or (C) other measures." Rule 19(b)(2). If Plaintiff is successful, the question becomes whether the Court could include provisions in the judgment protective of the absentee's interests. While the Court can structure a judgment to be only between the present parties the Court does not believe such measures, as a practical matter, sufficiently lessen any prejudice to the absentees. As a legal matter, a determination by this Court that there is no easement may require a separate lawsuit by the absentees to establish an easement. As a practical matter, as for the northern landholders, a judgment in Plaintiff's favor would allow Plaintiff to keep his gate and wall, and thus impede the northern landholder's access to their properties. Thus, pragmatically, the absentees should be joined so as to assert their interests, if any, against Plaintiff. Accordingly, this factor weighs in favor of concluding the absentees are indispensable parties.

### 3. Rule 19(b)'s Third Factor

The third Rule 19(b) consideration is "whether a judgment rendered in the person's absence would be adequate." Fed. R. Civ. P. 19(b)(3).

> Rule 19(b)(3)'s instruction to consider whether a judgment rendered in the person's absence would be adequate is not intended to address the adequacy of the judgment from the plaintiff's point of view. Rather, the factor is intended to address the adequacy of the dispute's resolution. This factor is concerned with the interest of the courts and the public in complete, consistent and efficient settlement of controversies. We read the Rule's third criterion to refer to this public stake in settling disputes by wholes, whenever possible.

*N. Arapaho Tribe v. Harnsberger*, 697 F.3d 1272, 1283 (10th Cir. 2012) (internal quotation marks, citations and ellipsis omitted).

In this case, if Defendants are successful, no further litigation is likely. However, if Plaintiff is successful, though he may potentially obtain full relief against Defendants, the absent northern landholders or the Weiners may at a later date bring an action against Plaintiff for obstructing the Road or to determine that there is an easement. In addition, if Plaintiff is successful, Defendants may institute an action against the Weiners in an attempt to require the Weiners to remove their rock landscaping which obstructs the easement as platted. Moreover, while Plaintiff has attempted to mold his claim into a declaratory judgment action, as he asks the Court for a declaration that there is no easement on his property, his action is more like an action seeking to quiet title, and, in order to obtain the broad relief he seeks, he must join all who may claim an easement. *Pacheco v. Martinez*, 636 P.2d 308, 312 (N.M. App. 1981) ("The recognized method of

obtaining an equitable determination of title to realty in New Mexico is by the statutory suit to quiet title."); *Cunningham v. Otero County Elec. Co-op., Inc.*, 845 P.2d 833, 836 (N.M. App. 1992) ("discussing various actions under New Mexico law regarding the use of easements, and noting that quiet title is an appropriate action").  As such, the Court concludes that this factor weighs heavily in favor of considering the absentees indispensable.

###        4.        Rule 19(b)'s Fourth Factor

Finally, the last Rule 19(b) factor is "whether the plaintiff would have an adequate remedy if the action were dismissed for nonjoinder."  Fed. R. Civ. P. 19(b)(4).  Our Tenth Circuit has stated that this may be the "most important" Rule 19(b) factor, and "the absence of an alternative forum weighs heavily, if not conclusively against dismissal." *Davis*, 343 F.3d at 1293-94 (internal quotation marks, citations, and alterations omitted).

In this case, Plaintiff has an alternative forum, New Mexico state court, in which he could obtain full relief.  *State v. Nunez*, 2 P.3d 264, 285 (N.M. 1999) ("In rem jurisdiction allows the court to dispose of the property, with absolute finality, as to everyone anywhere who has any interest in it whatsoever, whether they are present, absent, or unknown."); *Shaffer v. Heitner*, 433 U.S. 186, 207 (1977) ("[W]hen claims to the property itself are the source of the underlying controversy between the plaintiff and the defendant, it would be unusual for the State where the property is located not to have [personal] jurisdiction.").  This factor, therefore, also weighs in favor of the determination that the absent parties are indispensable.

### 5.  Weighing the Rule 19(b) Factors

In sum, all four Rule 19(b) factors weigh in favor of the determination that the northern landholders and the Weiners are indispensable parties to this action. Particularly persuasive here are two factors: the likelihood of multiple additional suits and the availability of an alternative forum which could afford complete relief as to all interested parties in one suit.  Thus, if Plaintiff is unable to join the absent parties because it would destroy diversity jurisdiction, Rule 19(b) requires dismissal of this action.

## III.   CONCLUSION

The northern landholders and the owners of the Weiner property are required parties under Rule 19(a), whom Plaintiff has failed to join.  Accordingly, pursuant to Rule 19(a)(2) they will be required to be joined.

**IT IS THEREFORE HEREBY ORDERED THAT PLAINTIFF be and hereby is granted leave to amend his complaint** pursuant to Federal Rule of Civil Procedure 15(a)(2), to add each absent northern landholder, including but not limited to the northern landowners as shown on Document 7-3, or their successors in interest, and to add the owner(s) of the Weiner property, all within 30 days of the date of this Order.

**IT IS FURTHER HEREBY ORDERED** that the amended complaint contain sufficient allegations as to the citizenship of each required party for this Court to determine whether Plaintiff has sufficiently alleged diversity jurisdiction.  The failure to join the required parties will result in dismissal of this action pursuant to Rule 19(b).

If Plaintiff discovers that joinder of the absent required parties will divest this Court of subject matter jurisdiction, Plaintiff may move to dismiss his complaint without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2).

**IT IS FURTHER ORDERED** that Defendants' Motions to Dismiss [Doc. 12; Doc. 18] are held in abeyance pending joinder of the required parties.

**IT IS SO ORDERED THIS 30th DAY OF SEPTEMBER, 2013.**


_____
THE HONORABLE M. CHRISTINA ARMIJO
Chief Judge, United States District Court