IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| JAMES R. THOMPSON AND<br>CLIFFORD M. WEINER<br><br>Plaintiffs,<br><br>vs.<br><br>DAPHNE GAMMON,<br>MARTHA SCHUETZ,<br>NANCY E. WALKER,<br>JOHN DEWITT, CATHY DEWITT,<br>and MARK F. REED<br><br>Defendant. | §<br>§<br>§<br>§<br>§<br>§   Civil Action No. 1:12-cv-00276-MCA/SMV<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

**PLAINTIFFS' SECOND AMENDED COMPLAINT**

COME NOW Plaintiffs James R. Thompson ("Thompson") and Clifford M. Weiner ("Weiner")(collectively, "Plaintiffs") and, pursuant to the Court's Memorandum and Opinion Order signed September 30, 2013 (Doc. 29), file this their Second Amended Complaint against Defendants Daphne Gammon ("Gammon"), Martha Schuetz ("Schuetz"), Nancy E. Walker ("Walker"), John DeWitt and Cathy DeWitt (the "DeWitts") and Mark F. Reed ("Reed")(collectively, "Defendants"), and respectfully show the Court as follows:

**I. PARTIES**

1. Plaintiff James R. Thompson is an individual citizen and resident of the State of Texas.

2. Plaintiff Clifford M. Weiner is an individual citizen and resident of the State of Texas

3. Defendant Daphne Gammon is domiciled in New Mexico and has already appeared in this case.

4. Defendant Schuetz is domiciled in New Mexico and has already appeared in this case.

5. Defendant Nancy E. Walker is an individual citizen and resident of the State of Kansas. She may be served at her residence at 835 N. Somerset Terrace, Apt. 102, Olathe, Kansas 66062.

6. Defendants John DeWitt and Cathy DeWitt are individual citizens and residents of the State of Oklahoma. They may be served at their residence at 8709 E. 60th, Tulsa, Oklahoma, 75145-8716.

7. Defendant Mark F. Reed is an individual citizen and resident of the State of Oregon. He may be served at his residence at 4302 SE 43rd Avenue, Portland, Oregon 97206.

## II. JURISDICTION AND VENUE

### Diversity Jurisdiction

8. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the amount in controversy exceeds the minimum jurisdictional limits of this Court and the parties are citizens of different states. Plaintiffs are citizens of the State of Texas for diversity jurisdictional purposes, and Defendants Gammon and Schuetz are citizens of the State of New Mexico. Defendant Walker is a citizen of the State of Kansas. The DeWitts are citizens of the State of Oklahoma. Defendant Reed is a citizen of the State of Oregon.

### Personal Jurisdiction

9. This Court has personal jurisdiction over the Gammon and Schuetz Defendants because they are residents of New Mexico and over the Walker, DeWitt and Reed Defendants because they are the owners of real property that is the subject of this lawsuit in Taos County, New Mexico.

### Subject Matter Jurisdiction

10. Plaintiffs invoke this Court's jurisdiction under 28 U.S.C. § 2201. As set forth herein, an actual controversy exists between the parties.

### Venue

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(a) because all or a substantial part of the events or omissions giving rise to the claims occurred in this District.

### III. FACTUAL BACKGROUND

### The Property

12. Plaintiff Thompson is the owner of a parcel of property located in Taos County, New Mexico. The address of the property is 89 Walking Rain Road, Arroyo Seco, New Mexico 87514.

13. Plaintiff Weiner is the owner of a parcel of property located in Taos County, New Mexico. The address of the property is 81 Walking Rain Road, Arroyo Seco, New Mexico 87514.

14. The Gammon and Schuetz Defendants own a parcel of property adjacent to, and generally east of, Thompson's and Weiner's property on Walking Rain Road.

15. The Walker, DeWitt and Reed Defendants own parcels of property generally north of the property owned by the Gammon and Schuetz Defendants. These parcels allegedly are provided access by Walking Rain Road. The Walker, DeWitt and Reed Defendants are being added as parties to this lawsuit as a result of a motion filed by the Gammon and Schuetz Defendants (Doc. 7) and the Court's Memorandum and Opinion Order (Doc. 29).

16. The Gammon and Schuetz Defendants claim that Thompson's land is burdened by a "road easement," and that this "road easement" is the only access to Defendants' property.

17. On information and belief, Gammon and Schuetz base this claim upon the presence of a trail, part of which once crossed Thompson's property.

18. There is no "road easement," or easement of any kind, that burdens Thompson's property at or near the location of the trail described in Paragraph 17 above.

19. On information and belief, an easement does exist for a road to Thompson and Weiner's property. Said easement is entitled "Walking Rain Road." While Walking Rain Road appears on the deed records to burden the Gammon and Schuetz Defendants' property, such

express easement has never been developed and has been abandoned. The express easement for Walking Rain Road does not in any way traverse, encumber, or burden Thompson's property.

20. On May 16, 2012, counsel for Gammon and Schuetz sent Weiner a letter claiming that he was blocking their use of Walking Rain Road. Weiner denies that there is an express easement north of his property as any such easement has been abandoned. In the alternative, as a matter of law Weiner has not blocked any such easement such that legal relief can be afforded, as Gammon and Schuetz have made no effort to develop such easement.

21. Defendants claim to own a prescriptive easement across Thompson's property, in the vicinity of the trail described in Paragraph 17 above.

## The "Event"

22. Thompson recently constructed a wall on his property, on or near the undocumented trail described in Paragraph 17 above. The wall is entirely within the boundaries of Thompson's property, and does not cross or encroach upon any easements or servitudes. In particular, the wall does not encroach upon the easement entitled "Walking Rain Road" that burdens Weiner's property.

23. Shortly after construction commenced, Thompson received correspondence from Gammon's counsel. In the correspondence, counsel asserted Gammon's claim that she owns a "road easement," which was "clearly visible on the ground" before Thompson began construction of the wall.

24. On May 31, 2012, Thompson received an e-mail from Schuetz's counsel, Melissa Kennelly. In that e-mail, counsel asserted Schuetz's claim that she owns an easement by prescription over Thompson's property.

25. No documentation of any such "road easement" burdening Thompson's land is recorded in the records of Taos County, New Mexico.

26. Through their counsel, Gammon and Schuetz assert that Thompson, by constructing the wall on his property, has committed "continuing intentional and willful torts," and that Thompson's acts have completely "destroyed the value" of Gammon and Schuetz's land.

27. On information and belief, before Thompson began construction of the wall, Gammon's and Schuetz's property had been listed for sale in Taos, New Mexico, for a price in excess of six hundred thousand ($600,000) dollars.

28. On May 16, 2012, Weiner received a letter from Gammon's counsel claiming that he had obstructed Gammon's "legal" easement and that Weiner had rendered Gammon's property "totally inaccessible." This assertion has been repeated in filings before this Court.  (see, e.g., Doc. 7, Section A).

## IV.  CAUSE OF ACTION

### Declaratory Judgment

29. An actual controversy exists between the parties over whether there is any express easement that burdens Thompson's land, for access to Defendants' land.

30. An actual controversy exists between the parties over whether there is any implied easement that burdens Thompson's land, for access to Defendants' land.

31. An actual controversy exists between the parties over whether there is any prescriptive easement that burdens Thompson's land, for access to Defendants' land.

32. An actual controversy exists over whether Thompson, by building the wall, has committed "continuing intentional and willful torts."

33. An actual controversy exists as to whether an express easement exists north of Weiner's land, or whether such express easement has been abandoned.

34. An actual controversy exists as to whether, if such an express easement exists north of Weiner's property, Weiner has done anything to obstruct such easement such that legal relief is available.

35. Plaintiffs seek a declaratory judgment pursuant to 28 U.S.C. § 2201 et seq., that the express easement is not on Thompson's land, that his land is not encumbered by any implied

or prescriptive easement, and that he has not committed any torts, whether continuing, intentional, or willful. A declaratory judgment is also sought by Weiner that the express easement north of his land has been abandoned or, in the alternative, if such express easement continues to exist, that he has done nothing to obstruct such easement such that legal relief is available.

## V. **PRAYER FOR RELIEF**

Wherefore, Plaintiffs request the following:

(a)     declaration that the claimed easement is not on Thompson's land;

(b)     declaration that there is no easement by prescription on Thompson's land;

(c)     declaration that there is no implied easement on Thompson's land;

(d)     declaration that the express easement has been abandoned north of Weiner's land;

(e)     declaration that if the express easement continues to exist north of Weiner's land, he has done nothing to obstruct such easement such that legal relief is available to Defendants;

(f)     reasonable and necessary costs and expenses; and

(g)     such other relief as to which Thompson is justly entitled.

Respectfully submitted,

HOLLAND & HART LLP


By: */s/ Bradford C. Berge*
    Bradford C. Berge, Esq.
Post Office Box 2208
Santa Fe, New Mexico 87504-2208
(505) 988-4421
(505) 983-6043 -FAX
bberge@hollandhart.com

- and -

HELMES & GREENE, LLC
John Reenan
Texas State Bar No. 00789777
jreenan@helmsgreene.com
1700 Pacific Ave., Suite 3740
Dallas, Texas 75201
Telephone: (214) 466-7910
Facsimile:  (214) 466-7915

ATTORNEYS FOR PLAINTIFFS JAMES R. THOMPSON AND CLIFFORD M. WEINER

### Certificate of Service

I hereby certify that on the 30th day of October 2013, I filed the foregoing electronically through the CM/ECF system, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

| | |
|---|---|
| Karen Aubrey, Esq.<br>Law Office of Karen Aubrey<br>P.O. Box 8435<br>Santa Fe, New Mexico  87504<br>T 505-982-4287<br>F 505-986-8349<br>ka@karenaubreylaw.com<br><br>ATTORNEYS FOR DEFENDANT<br>DAPHNE GAMMON | Carol A. Neelley<br>Carol A. Neelley, P.C.<br>233 Johnson Street<br>Santa Fe, NM  87501<br>T 575-751-4613<br>F 575-751-4298<br>carol@neelleylaw.com<br><br>ATTORNEYS FOR DEFENDANT<br>MARTHA SCHUETZ |

By: */s/ Bradford C. Berge*
Bradford C. Berge, Esq.

6487177_1

PLAINTIFFS' SECOND AMENDED COMPLAINT    PAGE 7