IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES R. THOMPSON and
CLIFFORD M. WEINER,

      Plaintiffs,

v.                                  No. 12-CV-276 MCA/SMV

DAPHNE GAMMON, MARTHA SCHUETZ,
NANCY WALKER, JOHN DEWITT,
CATHY DEWITT, and MARK F. REED,

      Defendants,

and

DAPHNE GAMMON,
NANCY E. WALKER,
and MARK F. REED,

      Counterclaimants,

v.

JAMES R. THOMPSON and
CLIFFORD WEINER,

      Counterdefendants.


<u>MEMORANDUM OPINION AND ORDER</u>

**THIS MATTER** is before the Court on Plaintiff/Counter-Defendants James R. Thompson and Clifford M. Weiner's *Motion to Dismiss Counterclaims of Defendant Gammon and Counterclaims of Defendant Walker.* [Doc. 39] Upon consideration of the submissions, the relevant law and being otherwise fully informed in the premises, the

Court **GRANTS-IN-PART** the *Motion* with respect to Defendants' nuisance counterclaim.   [Doc. 39]   As Plaintiffs have withdrawn their Motion to Dismiss Defendants' remaining Counterclaims, the Court hereby **DENIES AS MOOT** Plaintiffs' Motion with respect to Counts III and IV.  [Doc. 39]

## I.     BACKGROUND

This is an easement dispute.  [Doc. 30, ¶¶ 16, 35; Doc. 36, ¶ 25; Doc. 37 ¶ 25] Plaintiffs seek a declaratory judgment stating, *inter alia*, that Defendants' claimed easement does not encumber Plaintiff Thompson's land and that Plaintiff Weiner has not obstructed any express easement, or that Defendants' express easement was abandoned. [Doc. 30, ¶ 35]   Defendants Gammon and Walker have countersued, both alleging substantially the same facts and claims.  [Doc. 36; Doc. 37]  Plaintiffs now seek to dismiss in part Defendants' Counterclaims, and thus the Court takes the well-pleaded allegations of the Counterclaims as true for purposes of the Motion to Dismiss.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (stating that a court must take as true all well pleaded factual allegations in a complaint).

Gammon and Walker allege that their respective properties, as well as Plaintiffs' properties, are accessed by "Walking Rain Road" (hereafter, the Road).  [Doc. 36, ¶¶ 17-18; Doc. 37, ¶¶ 17, 18]  Thompson, Weiner, Gammon and Walker are all members of the "Walking Rain Road Association."  [Doc. 36, ¶ 19; Doc. 37, ¶ 19]  In certain places the Road is contained within a 15 foot recorded easement burdening the properties of Weiner, Gammon and Walker.  [Doc. 36, ¶ 20, ¶ 29; Doc. 37, ¶ 20, 29]  However, at one point, the Road deviates from the recorded easement onto Thompson's property, "due to

2

steepness of the terrain."  [Doc. 36, ¶¶ 20-22; Doc. 37, ¶¶ 20-22]  Gammon has accessed her property using the Road, including where it crosses Thompson's property, for more than 14 years, and Walker has done the same for more than 10 years.  [Doc. 36, ¶ 22; Doc. 37, ¶ 22]

In 2011, Thompson began constructing a wall and gate (or blockade, as Defendants allege) which blocks the Road and Gammon and Walker's access to their properties.  [Doc. 36, ¶¶ 25, 42; Doc. 37, ¶¶ 25, 42]  Also in 2011, Weiner began constructing landscaping which created a four foot drop in elevation in the easement of record.  [Doc. 36, ¶¶ 25, 41; Doc. 37, ¶¶ 25, 41]  Defendants claim that the drop in elevation and the blockade create "a danger to the traveling public and a foreseeable, unreasonable risk of harm to others," including Defendants.  [Doc. 36, ¶¶ 41, 42; Doc. 37, ¶¶ 41, 42]  Defendants also allege that Plaintiffs owe a duty of care to the general public, have "created an unreasonable risk of harm to the general and/or traveling public[,]" and have damaged Defendants.  [Doc. 36, ¶¶ 43-45; Doc. 37, ¶¶ 43-45]

Defendants brought counter-claims against Plaintiffs on various grounds, including quiet title, trespass, ejectment, nuisance and injunctive relief.  [Doc. 36; Doc. 37]  Plaintiffs moved to dismiss the trespass, nuisance and ejectment counterclaims, but eventually withdrew their request to dismiss the trespass and ejectment counterclaims. [Doc. 39; Doc. 45, p. 1]  Plaintiffs continue to seek dismissal of Defendants' nuisance counterclaim.  [Doc. 45]  Specifically, Plaintiffs distinguish between a public nuisance and a private nuisance, and argue that Defendants failed to allege facts sufficient to support either cause of action.  [Doc. 39, pp. 3-5]

## II.    ANALYSIS

A court will dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For decades, Rule 12(b)(6) motions were governed by a test taken from *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957):  a complaint was subject to dismissal pursuant to Rule 12(b)(6) only where "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Kansas Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting *Conley*, 355 U.S. at 45-46) (internal quotation marks omitted). In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 570 (2007), the Court retired *Conley*'s test, replacing it with a new standard:  "to withstand a motion to dismiss, a complaint must have enough allegations of fact, taken as true, 'to state a claim to relief that is plausible on its face.'" *Collins*, 656 F.3d at 1214 (quoting *Twombly*, 550 U.S. at 570)). In applying this standard, a court accepts as true all "plausible, non-conclusory, and non-speculative" facts alleged in the plaintiff's complaint. *Shrader v. Biddinger*, 633 F.3d 1235, 1239 (10th Cir. 2011) (internal quotation marks and citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678.  Moreover, "'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim" that "'raise a right to relief above the speculative level.'" *Collins*, 656 F.3d at 1214 (quoting *Twombly*, 550 U.S. at 555).  In short, in ruling on a 12(b)(6) motion, "a court should disregard all conclusory statements of law and

consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." *Collins*, 656 F.3d at 1214.

New Mexico recognizes distinct causes of action for public nuisance and private nuisance. *Village of Los Ranchos de Albuquerque v. City of Albuquerque,* 889 P.2d 185, 198-99 (N.M. 1994) (citing Restatement (Second) of Torts, § 821B, 821D, 822); *City of Sunland Park v. Harris News, Inc.*, 124 P.3d 566, 577 (N.M. Ct. App. 2005) (*cert. quashed*, 141 P.3d 1280). A private nuisance is "an invasion of the private use and enjoyment of land, . . . or an invasion that affects a single individual or a determinate number of persons in the enjoyment of some private right not common to the public." *Village of Los Ranchos,* 889 P.2d at 198 (internal quotation marks and citations omitted). By contrast, a public nuisance "is an unreasonable interference with a right common to the general public." *Id.* (internal quotation marks and citations omitted). As set out in the Restatement of Torts:

(1) A public nuisance is an unreasonable interference with a right common to the general public.

(2) Circumstances that may sustain a holding that an interference with a public right is unreasonable include the following:

(a) Whether the conduct involves a significant interference with the public health, the public safety, the public peace, the public comfort or the public convenience, or

(b) whether the conduct is proscribed by a statute, ordinance or administrative regulation, or

(c) whether the conduct is of a continuing nature or has produced a permanent or long-lasting effect, and, as the actor knows or has reason to know, has a significant effect upon the public right.

5

Restatement (Second) Torts, § 821(B).

With regard to a public nuisance, Plaintiffs argue that Defendants have not pleaded facts to establish that Plaintiffs' actions have affected "a considerable number of people or an entire community or neighborhood." *Village of Los Ranchos de Albuquerque*, 889 P.2d at 199. [Doc. 39, p. 4] Defendants do not clearly respond to this argument. [Doc. 41, pp. 6-7] Rather, Defendants largely argue that a nuisance claim does not require a physical invasion onto the claimant's property, and cite cases bearing no factual resemblance to the case at hand. [Doc. 41, pp. 6-7] *See Caulkins v. Cox Estates,* 792 P.2d 36, 38 (N.M. 1990) (considering, in an action for negligence, whether a landlord had the duty to maintain a fence around a playground to prevent child from wandering onto nearby interstate); *Bober v. New Mexico State Fair*, 808 P.2d 614, 620 (N.M. 1991) (recognizing that "an occupier of land has the duty to avoid creating an unreasonable risk of harm to persons outside the land, such as in an adjoining roadway" in a claim brought by an injured motorist exiting fairground to busy roadway); *City of Sunland Park*, 124 P.3d at 577-78, (distinguishing between types of nuisances and considering whether a truck sign, adult bookstore, and nude dancing were nuisances under any theory); *Andrews v. Andrews*, 88 S.E.2d 88, 92-93 (N.C. 1955) (concluding that the complaint stated a cause of action for private nuisance where the plaintiff alleged that the defendant intentionally attracted wild geese to his neighboring property knowing that the wild geese would feed on the plaintiff's crops); *Ohio ex rel. Doner v. Zody*, 958 N.E.2d 1235, 1238, 1244, (Ohio, 2011) (considering takings claims for property owners whose properties flooded as a result of redesigned dam spillway, and stating that lawful

conduct by a landowner on his or her own land which damages another's land may be considered a continuing trespass or nuisance); *Hartford Fire Ins. Co. v. Gandy Dancer, LLC,* 981 F.Supp.2d 981, 1019 (D.N.M. 2013) (considering whether insurer had duty to defend against nuisance allegation).  While the Court agrees with the general proposition that a landowner can engage in lawful conduct on his or her own land which creates a nuisance for another landowner, this proposition does not answer Plaintiffs' arguments that Defendants have not pleaded facts establishing a claim for public or private nuisance.

Plaintiffs are correct that the facts alleged by Defendants do not state a claim to relief for a public nuisance.  *Iqbal*, 556 U.S. 678.  Defendants do not plead that the Road is a public road, and, indeed, their allegations suggest that it is a private road maintained privately by the Walking Rain Road Association.  [Doc. 36, ¶¶ 19, 24; Doc. 37, ¶¶ 19, 24]  Nor do Defendants plead facts establishing that a considerable number of people are affected by the Plaintiffs' alterations to or obstruction of the Road.  *See City of Sunland Park*, 124 P.3d at 577-78 (reversing public nuisance verdict based only on argument that alleged nuisance specifically impacted one family and one church, and lack of evidence that alleged nuisance "violate[d] some substantial public right or interest shared by a considerable number of people").  Rather, the facts alleged only indicate that Gammon and Walker have been injured, and their injury is a private one, namely the use and enjoyment of their land.  [*See* Doc. 36, ¶¶ 8, 25; Doc. 37, ¶¶ 8, 25]  Accordingly, the Court concludes that Defendants failed to state a claim for a public nuisance.

Ironically, Defendants only invoked language pertinent to a public nuisance claim in their count for "Nuisance," though a claim for a private nuisance fits the facts here.

While case law has not specifically identified the claims under which an action for an obstructed easement can be brought in New Mexico,[1] it is generally recognized that at the least such claims can be brought under the theories trespass or private nuisance. *See, e.g.,* Restatement (Second) of Torts, § 821(E) ("For a private nuisance there is liability only to those who have property rights and privileges in respect to the use and enjoyment of the land affected, including . . . owners of easements[.]"); Mark S. Dennison, *Cause of Action for Servient Estate Owner's Unreasonable Interference with Easement of Way by Placement of Obstruction on Easement,* 20 Causes of Action 2d 177, § 7 ("Interference with an easement is generally considered to be a form of trespass . . . or private nuisance." (internal quotation marks and citations omitted)).  Certainly, as the cause of action has been described by the New Mexico Supreme Court as "an invasion of the private use and enjoyment of land," the facts as alleged by Defendants appear to state a claim for a private nuisance.  *Village of Los Ranchos*, 889 P.2d at 163 (internal quotation marks and citation omitted).  Nonetheless, in their nuisance counterclaim, Defendants' allegations generally refer to a "danger to the traveling public and a foreseeable,

---

[1] Several New Mexico cases have considered obstructed easements, but these cases do not define the causes of action for relief based on an obstructed easement, and more particularly, the cases do not describe what type of nuisance claim can be brought by a party claiming interference with its easement.  *See, e.g., Los Vigiles Land Grant v. Rebar Haygood Ranch, LLC,* 317 P.3d 842, 845 (N.M. Ct. App. 2013) (addressing claim that defendant erected a welded gate preventing use of a road); *Camino Sin Pasada Neighborhood Ass'n v. Rockstroh*, 889 P.2d 247, 249, 251 (N.M.Ct. App. 1994) (addressing "a complaint for interference with [plaintiffs'] claimed easement, in which they request both injunctive relief and damages for nuisance," but not discussing the damages element of the nuisance claim); *Huff v. McClannahan*, 557 P.2d 1111, 1113 (N.M. Ct. App. 1976) (addressing suit "alleging wrongful interference with [plaintiffs'] use of the right-of-way").

unreasonable risk of harm to others," including the Defendants.  [Doc. 36, ¶¶ 41-44; Doc. 37, ¶¶ 41-44]  Within their nuisance counterclaims, Defendants do not make allegations of specific invasions to their private use and enjoyment of their lands.  [Id.]  Nonetheless, elsewhere in their counterclaims, Defendants allege facts which would support a private nuisance claim, including that the landscaping, walls and gates built by Plaintiffs blocked their access to their property. [Doc. 36, ¶¶ 25, 48; Doc. 37, ¶¶ 25, 48]  Thus, the Court will allow Defendants the opportunity to amend their counterclaim to clarify their nuisance claim against Plaintiffs.  *See* Fed.R.Civ.P. 15(a)(2) (stating that leave to amend should be freely given "when justice so requires."); *Foman v. Davis*, 371 U.S. 178, 182 (stating that "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits" in the absence of a reason such as undue delay, prejudice or futility, *inter alia*).[2]

## III.   CONCLUSION

For the foregoing reasons, Plaintiffs' *Motion to Dismiss Counterclaims of Defendant Gammon and Counterclaims of Defendant Walker* is **GRANTED-IN-PART** with respect to Defendants' nuisance counterclaim.  As Plaintiffs have withdrawn their Motion to Dismiss Defendants' remaining Counterclaims, the Court hereby **DENIES AS MOOT** Plaintiffs' Motion with respect to Counts III and IV.

---

[2] The Court recognizes that Defendants did not request leave to amend their complaint if the Court was inclined to grant the *Motion to Dismiss*, nonetheless, the Court concludes that it has the discretion to allow the amendment and amendment is appropriate because leave should be granted "if it is at all possible that the party against whom the dismissal is directed can correct the defect in the pleading[.]" *Brever v. Rockwell Intern. Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (internal quotation marks and citation omitted).

**IT IS THEREFORE ORDERED** that *Plaintiffs' Motion to Dismiss Counterclaims of Defendant Gammon and Counterclaims of Defendant Walker* is **GRANTED-IN-PART;**

**IT IS FURTHER ORDERED** that Plaintiffs' Motions with respect to Counts III and IV of their Counterclaims are hereby **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that Defendants have 10 (ten) days from the date of this Order to amend their nuisance counterclaim.

**SO ORDERED** this 29th day of September, 2014 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge