IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JAMES R. THOMPSON and
CLIFFORD WEINER,

      Plaintiffs,

v.                                                      No. 12-cv-0276 MCA/SMV

DAPHNE GAMMON, MARTHA SCHUETZ,
NANCY WALKER, JOHN DEWITT,
CATHY DEWITT, and MARK F. REED,

      Defendants,[1]

and

DAPHNE GAMMON, NANCY WALKER,
and MARK F. REED,

      Counterclaimants,

v.

JAMES R. THOMPSON and
CLIFFORD WEINER,

      Counterdefendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT GAMMON AND WALKER'S MOTION TO STRIKE PLAINTIFFS' EXPERT WITNESS DESIGNATIONS [Doc. 90]

THIS MATTER is before the Court on Defendant Gammon and Walker's Motion to

Strike Plaintiffs' Expert Witness Designations ("Motion") [Doc. 90], filed December 23, 2014.

Plaintiffs responded on January 6, 2015.  [Doc. 92].  Defendants replied on January 23, 2015.

[Doc. 98].  The Court heard oral argument on February 19, 2015.  Clerk's Minutes, [Doc. 103].

---

[1] Defendants Mark F. Reed and Martha Schuetz have been dismissed as parties.  *See* [Docs. 95 and 97].

Having considered the parties' submissions, oral argument, and relevant law, and being otherwise fully advised in the premises, the Court finds that the Motion should be GRANTED IN PART and DENIED IN PART.   Alex Abeyta and Robert Watt shall be precluded from offering expert testimony because they did not provide written reports pursuant to Rule 26(a)(2)(B).   Ian Forsberg shall be allowed to give expert testimony, but only to the extent Plaintiffs have provided a summary disclosure "of the facts and opinions to which [he] is expected to testify," in accordance with Rule 26(a)(2)(C).

## Background

This case involves a property dispute.  *See* Second Amended Complaint, [Doc. 30]; also Joint Status Report, [Doc. 59] at 2–9 (summarizing parties' contentions).   The Court issued a Scheduling Order on June 30, 2014.  [Doc. 67].  Plaintiffs were to identify all expert witnesses— and to provide reports or summary disclosures in compliance with Rules 26(a)(2)(B) and 26(a)(2)(C) of the Federal Rules of Civil Procedure—by September 25, 2014.  *Id.* at 2.  On September 24, 2015, Plaintiffs identified three witnesses as both fact and expert witnesses. [Doc. 90-1] at 1–2 (copy of Plaintiffs' Second Supplemental Rule 26(A)(1) Initial Disclosures). These three witnesses are Alex Abeyta, Robert Watt, and Ian Forsberg.  *Id.*   Defendants Gammon and Walker now move to strike all three witnesses' expert designations.  *See generally* [Doc. 90].

## Analysis

**I.      Retained Experts: Alex Abeyta and Robert A. Watt**

Defendants seek to strike the expert witness designations of Abeyta and Watt.  [Doc. 90] at 2–3.  Plaintiffs identified both as experts.  [Doc. 90-1] at 1–2.  The record clearly establishes

that both are retained experts.  [Doc. 90] at 2–3 (citing deposition testimony that witnesses were

retained); [Doc. 90-2] at 2−3 (Abeyta deposition excerpt); [Doc. 90-3] at 3–4 (Watt deposition

excerpt).  Defendants contend that these expert witness designations should be stricken because

Plaintiffs have failed to provide expert witness reports for these witnesses in accordance with

Rule 26(a)(2)(B).

Disclosure of retained expert testimony is governed by Rule 26(a)(2)(B):

> (B) *Witnesses Who Must Provide a Written Report.*  Unless
> otherwise stipulated or ordered by the court, this disclosure must
> be accompanied by a written report—prepared and signed by the
> witness—if the witness is one retained or specially employed to
> provide expert testimony in the case or one whose duties as the
> party's employee regularly involve giving expert testimony. The
> report must contain:
> (i) a complete statement of all opinions the witness will express
> and the basis and reasons for them;
> (ii) the facts or data considered by the witness in forming them;
> (iii) any exhibits that will be used to summarize or support them;
> (iv) the witness's qualifications, including a list of all publications
> authored in the previous 10 years;
> (v) a list of all other cases in which, during the previous 4 years,
> the witness testified as an expert at trial or by deposition; and
> (vi) a statement of the compensation to be paid for the study and
> testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).  It is undisputed that neither Abeyta nor Watt has produced a written

report in compliance with Rule 26(a)(2)(B).

On September 24, 2014, Plaintiffs identified Abeyta as follows:

> Mr. Abeyta has a long history with the properties in issue.
> Mr. Abeyta attempted to create a driveway up the Gammon
> property for Godie Schuetz and was unsuccessful, having been
> denied a steep slope application.  In 1997 or 1998, Mr. Abeyta also
> met with Randy Reed and walked the dirt track with Mr. Reed.  He
> advised Mr. Reed that it was not feasible to put a road up to
> Mr. Reed's property.  Mr. Abeyta has inspected the dirt track and
> concludes that the dirt track cannot be made into a usable road

3

> except by going through the steep slope process, and that the chances of successfully getting a steep slope permit are 0-5%.  Mr. Abeyta is a fact witness who may offer testimony considered expert in nature.

[Doc. 90-1] at 1–2.  On August 1, 2014, Plaintiffs identified Watts as follows:

> Mr. Watt will testify as to his conversations with Ms. Gammon; to the layout of the claimed trail; to slope issues; to valuation issues; uses of Gammon's property; to the ability to create a road on the existing express easement across Mr. Weiner's property; to evidence and signs of non-use of the trail historically.

[Doc. 92-1] at 6.  These disclosures are insufficient to satisfy Plaintiffs' obligation under Rule 26(a)(2)(B).

Watt was deposed by Defendants on September 11, 2014.  *See* [Doc. 90-3] at 1.  After he was deposed, Plaintiffs provided the following disclosure:  "Mr. Watt testified in deposition as to his opinions, historical fact knowledge and observations.  Defendants had a full opportunity to cross-examine Mr. Watt.  Mr. Watt is a fact witness who may offer testimony considered expert in nature."  [Doc. 90-1] at 3.  Again, because Watt is a retained expert, this disclosure is insufficient under Rule 26(a)(2)(B).

Plaintiffs argue that Abeyta and Watt should be allowed to testify as experts because Defendants were allowed to depose them and therefore "had the opportunity to minimize any potential prejudice."  [Doc. 92] at 4, 5.  In their briefing and at oral argument, Plaintiffs cite to *Peshlakai v. Ruiz*, No. Civ. 13-0752 JB/ACT, 2013 WL 6503604, at *14 (D.N.M. Nov. 20, 2013), for support.  *Id.* at 3; Oral Argument Hearing on February 19, 2015, Liberty Recording: Doña Ana, at 1:43–1:45.  *Peshlakai* is unavailing.  The issue in *Peshlakai* was whether the plaintiffs should be allowed to identify an expert after the expert disclosure deadline, where new and unanticipated evidence had arisen at the deposition of the defendants' expert.  *Peshlakai*,

2013 WL 6503604, at \*14.   The issue was whether there was good cause to modify the scheduling order to allow the late expert designation, and one of the factors the court considered in its decision was whether the defendants would suffer prejudice as a result of the late disclosure. *Id.* at \*15–21.   This matter is entirely different.   The present Motion does not concern the timeliness of Plaintiffs' expert disclosures.   Rather, it involves Plaintiffs' failure to make proper expert disclosures at all.   Plaintiffs' reliance on *Peshlakai* is thus unavailing.

Moreover, Plaintiffs' argument—that no expert disclosure is necessary if the other party has the opportunity to depose the expert—makes little sense and is inconsistent with the Federal Rules.   Rule 26(b)(4)(A) provides that "*[i]f* Rule 26(a)(2)(B) requires a report from the expert, the deposition may be conducted only *after* the report is provided."   Fed. R. Civ. P. 26(b)(4)(A). "The purpose of this restriction is to reduce or eliminate the need for depositions."   6 *Moore's Federal Practice* § 26.80[1][a] (Mathew Bender 3d ed. 2014).   To argue that Plaintiffs should not have to comply with Rule 26(a)(2)(B) because Defendants had the opportunity to depose the experts would render Rule 26(b)(4)(A) meaningless.

The Motion will be granted with respect to Abeyta and Watt.   The witnesses will be precluded from giving any opinion testimony under Fed. R. Evid. 702.

## II.      Non-Retained Expert: Ian Forsberg

Defendants also seek to strike the expert witness designation of Ian Forsberg.   [Doc. 90] at 4.   There is no indication in the record that Plaintiffs retained Forsberg for the purposes of litigation.   However, Plaintiffs have identified him as an expert witness.   [Doc. 90-1] at 2. Defendants argue that Forsberg's expert witness designation should be stricken because Plaintiffs failed to provide a summary disclosure of his testimony under 26(a)(2)(C).

Rule 26(a)(2)(C) governs the disclosure of expert testimony for experts not required to provide a written report:

> (C) *Witnesses Who Do Not Provide a Written Report.*  Unless otherwise stipulated or ordered by the court, if the witness is not required to provide a written report, this disclosure must state:
> (i) the subject matter on which the witness is expected to present evidence under Federal Rule of Evidence 702, 703, or 705; and
> (ii) a summary of the facts and opinions to which the witness is expected to testify.

Fed. R. Civ. P. 26(a)(2)(C).

Plaintiffs disclosed Forsberg's testimony in the following manner:

> Mr. Forsberg is a fact witness who may offer testimony considered expert in nature.  He and his wife Barbara have lived on Walking Rain Road since 1987.  He is expected to testify that the dirt track is sketchy and never used as a road, and building it into a useable road to the Gammon property would be almost impossible.

[Doc. 90-1] at 2.   This disclosure is barely sufficient as a summary disclosure under Rule 26(a)(2)(C).  It identifies the facts (that the dirt track is "sketchy" and never used as a road) and the single opinion (that building the track into a useable road to the Gammon property would be almost impossible) to which the witness is expected to testify.  Had Defendants desired to know more about his testimony, a number of options were available to them, such as a deposition, written interrogatories, or a motion for a more detailed summary disclosure.  But the bottom line is that Plaintiffs have disclosed, however perfunctorily, the facts and opinion to which the witness is expected to testify.   Thus, they have met their obligation under Rule 26(a)(2)(C).   The Motion is denied as to the expert witness designation of Forsberg. Therefore, assuming he qualifies as an expert under Fed. R. Evid. 702, Mr. Forsberg will be allowed to provide expert opinion testimony, but only to the extent his opinions were properly

disclosed, *i.e.*, that "building [the track] into a useable road to the Gammon property would be almost impossible."

## Conclusion

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED** that Defendants' Motion to Strike Plaintiffs' Expert Witness Designations [Doc. 90] shall be **GRANTED IN PART** and **DENIED IN PART**.  Alex Abeyta and Robert Watt will not be allowed to give expert testimony at trial.  Assuming he qualifies as an expert under Fed. R. Evid. 702, Ian Forsberg will be allowed to give expert testimony, but only to the extent his opinions were adequately disclosed pursuant to Fed. R. Civ. P. 26(a)(2)(C).  This Order shall not preclude Plaintiffs from calling any of the witnesses discussed herein as fact witnesses.

Each party shall bear its own expenses, including attorney's fees, incurred in connection with this Motion.  *See* Fed. R. Civ. P. 37(a)(5)(C).

**IT IS SO ORDERED.**

_____
**STEPHAN M. VIDMAR**
**United States Magistrate Judge**