IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRIC OF NEW MEXICO

JAMES R. THOMPSON and
CLIFFORD M. WEINER,

    Plaintiffs,

v.                                              No. 12-CV-276 MCA/SMV

DAPHNE GAMMON et al.

    Defendants.

## ORDER

**THIS MATTER** is before the Court on Plaintiffs' *Motion for Entry of Default Judgment.* [Doc. 69] The Court, having considered the submissions, the relevant law, and being otherwise fully advised in the premises, hereby **DENIES** the Motion **WITHOUT PREJUDICE**.

On March 16, 2012, Plaintiff James R. Thompson filed a Complaint against Daphne Gammon for a Declaratory Judgment declaring that Ms. Gammon has no express easement on Plaintiff's land, that his land is not encumbered by an implied or prescriptive easement, and that he "has not committed any torts." [Doc. 1, pp. 1, 4] Plaintiff later filed an Amended Complaint adding as a Defendant Martha Schuetz. [Doc. 9] Subsequently, on separate Motions to Dismiss for Failure to Join Indispensible Parties [Doc. 12; Doc. 18], this Court entered a *Memorandum Opinion and Order* in which the Court ordered Plaintiff to file an amended complaint joining additional parties. [Doc. 29, pp. 22-23] Plaintiffs then filed *Plaintiffs' Second Amended Complaint*, adding as a

1

Plaintiff Clifford M. Weiner and adding as Defendants Nancy Walker, John Dewitt, Cathy Dewitt, and Mark F. Reed.  [Doc. 30]

The docket reflects that summonses for John Dewitt and Cathy Dewitt were issued on March 5, 2014.  Plaintiffs thereafter filed a *Motion for Entry of Default* by John and Cathy Dewitt.  [Doc. 58]  Plaintiffs' counsel avers that Defendants John and Cathy Dewitt were personally served with Summonses and copies of the Second Amended Complaint on March 11, 2014 and March 17, 2014, respectively, and failed to answer or otherwise defend.  [Doc. 54; Doc. 55; Doc. 58, ¶¶ 2-6]  The Dewitts being in default, this Court entered a *Clerk's Entry of Default* as to the Dewitts on June 19, 2014 pursuant to Federal Rule of Civil Procedure 55(a).  Plaintiffs then filed the present *Motion for Entry of Default Judgment* against the Dewitts.  [Doc. 69]

"Decisions to enter judgment by default are committed to the district court's sound discretion." *Dennis Garberg & Assocs. v. Pack–Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir.1997).  "Strong policies favor resolution of disputes on their merits." *Cessna Fin. Corp. v. Bielenberg Masonry Contracting, Inc.*, 715 F.2d 1442, 1444 (10th Cir. 1983) (internal quotation marks and citation omitted).  In a variety of factual circumstances, our Tenth Circuit has concluded that entry of default judgment against a defaulting defendant is proper only after consideration of the merits of the claim against other defendants.  *See Haines v. Fisher*, 82 F.3d 1503, 1511 (10th Cir. 1996) (affirming the entry of default judgment against one of several defendants sued under 42 U.S.C. § 1983 after trial but awarding no damages against the defendant in light of the jury verdict determining the Plaintiff suffered $0.00 in damages); *Hunt v. Inter-Globe Energy, Inc.*,

770 F.2d 145, 147-48 (10th Cir. 1985) (concluding that the district court erred in not vacating summary judgment, post-trial, against defaulting defendant because "consistent damage awards on the same claim are essential among joint and several tortfeasors"); *see also Wilcox v. Raintree Inns of Am., Inc.*, 1996 WL 48857, *3 (10th Cir. 1996) (unpublished decision) ("[I]f at trial facts are proved that exonerate certain defendants and that as a matter of logic preclude the liability of another defendant, the plaintiff should be collaterally estopped from obtaining a judgment against the latter defendant, even though it failed to participate in the proceeding in which the exculpatory facts were proved." (internal quotation marks and citation omitted)).[1] These cases were all rooted in the ruling of *Frow v. De La Vega*, 82 U.S. 552 (1872), in which the plaintiff alleged that eight defendants, including the defaulting defendant, engaged in a joint conspiracy to defraud him out of a tract of land. *Id.* at 553. The Court stated that it would be an "absurdity" to have "one decree of the court sustaining the charge of joint fraud committed by the defendants; and another decree disaffirming the said charge, and declaring it to be entirely unfounded, and dismissing the complainant's bill." *Id.* at 554.

> The true mode of proceeding where a bill makes a joint charge against several defendants, and one of them makes default, is simply to enter a default and a formal decree *pro confesso* against him, and proceed with the cause upon the answers of the other defendants. . . . [I]f the suit should be decided against the complainant on the merits, the bill will be dismissed as to all the defendants alike-the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against

---

[1] While *Hunt* notes that scholarly commentary on this rule states that it applies among joint tortfeasors, *Hunt* expanded the rule to apply to joint and several tortfeasors. *Hunt*, 770 F.2d at 147-48. *Wilcox* demonstrates our Tenth Circuit's further willingness to apply the rule also "in situations where multiple defendants have closely related defenses." *Wilcox*, 1996 WL 48857, *3.

> all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal.

*Id.*

This case fits within the holding of *Frow*. Plaintiff Thompson requests a declaration by this Court, against all Defendants, that there is no easement--express, by prescription or implied--on his property. [Doc. 30, p. 6] Plaintiff Weiner requests a declaration that the express easement on his property has been abandoned or that he has not obstructed such easement. [Doc. 30, p. 6] Thus, entering default judgment now against two Defendants could potentially result in inconsistent determinations, because the Dewitts' defense, if any, is "closely related" to that of Ms. Gammon and Ms. Walker. *See Wilcox*, 1996 WL 48857, *3. Such incongruous results in this case would be "unseemly and absurd, as well as unauthorized by law." *Frow*, 82 U.S. at 554. Accordingly, the Plaintiffs' *Motion for Entry of Default Judgment* [Doc. 69] is denied without prejudice, and the Court will consider the matter again, if necessary, along with the merits of Plaintiffs' claims.

**CONCLUSION**

**WHEREFORE IT IS HEREBY ORDERED** that Plaintiffs' *Motion for Entry of Default Judgment* [Doc. 69] is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED** this 17th day of March, 2015 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief Judge, United States District Court