IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| JAMES R. THOMPSON AND<br>CLIFFORD M. WEINER<br><br>Plaintiffs,<br><br>vs.<br><br>DAPHNE GAMMON,<br>MARTHA SCHUETZ,<br>NANCY E. WALKER,<br>JOHN DEWITT, CATHY DEWITT,<br>and MARK F. REED<br><br>Defendant. | § § § § § § § § § § § § § § § § | Civil Action No. 1:12-cv-00276-MCA/SMV |

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This Settlement Agreement and Mutual Release (hereinafter referred to as this "Release") is entered into by and between James R. Thompson and Clifford M. Weiner ("Plaintiffs") and Daphne Gammon and Nancy E. Walker ("Defendants") (collectively, the "Parties) each on behalf of themselves and their respective partners, predecessors, successors and assigns.

## I.
## RECITALS

This Settlement Agreement and Mutual Release is made with reference to the following facts:

1. A Lawsuit is now pending in the U.S. District Court for the District of New Mexico under Cause No. 1:12-CV-00276 MCA/SMV, and styled *James R. Thompson and Clifford R. Weiner v. Daphne Gammon, Martha Schuetz, Nancy E. Walker, John DeWitt, Cathy DeWitt and Mark F. Reed.*

2. Clifford M. Weiner's property is shown on a Warranty Deed from T.S.E. Interests, Ltd. to Clifford M. Weiner, dated August 25, 2011, recorded in Book 756, Pages 339-340, records of Taos County, new Mexico, and which property is depicted in that certain survey plat, "T.S.E. Interests LTD. to Clifford m. Weiner", Taos Surveying, dated August 11, 2011, by Craig T. Gillio, Project No. 211-061 (the "Weiner Tract").

3. There is a 15' deeded access easement burdening, inter alia, the Weiner Tract, in favor of properties owned by, inter alia, the Defendants (the "15' Deed Easement")

4. The Lawsuit arises out of the claim brought by Plaintiffs against Defendants wherein Plaintiffs sought declarations that (a) there was no easement across any property owned by James R. Thompson in favor of any Defendant or land owned by any Defendant; and (b) that the 15'Deed Easement across the Weiner Tract has been abandoned.

5. Defendants filed counter claims against Plaintiffs for an easement across property owned by James R. Thompson and to affirm and establish the existence of the 15' Easement across the Weiner Tract.

6. Martha Schuetz deeded her property interest to Daphne Gammon and for that reason claims against her in this case were dismissed (Doc. 95—Order Granting Unopposed Motion to Dismiss Claims Against Defendant Martha Schuetz).

7. The claims of Mark F. Reed were dismissed pursuant to an agreement between Plaintiffs and Mark F. Reed (Doc. 97—Stipulated Order of Dismissal of All Claims Pending Between Clifford M. Weiner and Mark F. Reed).

8. John DeWitt and Cathy DeWitt have defaulted in this case. The Court, by Order dated March 17, 2015 (Doc. 105), refused to enter default judgment against them but instructed the Plaintiffs to re-urge such motion for default judgment at such time as the rest of the case is resolved, so that a judgment could be entered that was consistent with the Court's rulings regarding the other claims in the case.

9. The Parties reached an agreement finally and completely settling all Claims.

10. Plaintiffs and Defendants desire and intend by this Settlement Agreement and Mutual Release to release all claims, demands, actions, causes of action and rights known and unknown, direct or indirect, by and between each other, arising from or related to the Lawsuit.

The Parties hereby agree to the following:

## II.
## SETTLEMENT AGREEMENT AND MUTUAL RELEASE OF CLAIMS

11. Plaintiffs, for themselves and on behalf their predecessors, heirs, successors-in-interest, assigns, and all others who may claim by or through them or who may take any interest in the matters herein released, fully and forever release, acquit and discharge Defendants, together with any and all assigns, from any and all claims, demands, rights, causes of action, damages, and costs of any kind and nature whatsoever, known or unknown, fixed or

contingent, direct or indirect, which Plaintiffs may now have or may hereinafter acquire, which arise from and/or relate to the matters alleged in the Lawsuit.

12. Defendants, for themselves, their heirs, successors-in-interest, assigns, and all others who may claim by or through them or who may take any interest in the matters herein released, fully and forever release, acquit and discharge Plaintiffs, and their assigns, heirs, beneficiaries, together with any and all successors in interest, from any and all claims, demands, rights, causes of action, damages, and costs of any kind and nature whatsoever, known or unknown, fixed or contingent, direct or indirect, which Defendants may now have or may hereinafter acquire, which arise from and/or relate to the Lawsuit.

13. Defendants specifically acknowledge that they have no easement over any property owned by James R. Thompson benefitting them or their property.

14. Weiner acknowledges the existence of the 15' Deed Easement, which runs with the land, burdening the Weiner Tract (and others) for the benefit of the Gammon Tract and the Walker Tract and their successors and assigns, withdraws his claim of abandonment of the 15' Deed Easement, and agrees to never assert or re-assert said claim of abandonment of the 15' Deed Easement.

15. The Parties hereby acknowledge that each may hereafter discover facts different from and in addition to those which each now knows or believes to be true with respect to the claims made in the Lawsuit herein released, and each agrees that this Settlement Agreement and Mutual Release shall be and remain in full force and effect in all respects, notwithstanding such different or additional claims.

## III.
## ADDITIONAL TERMS

16. Plaintiffs covenant and agree that they will not oppose any steep slope or grading permit application initiated by Defendants, or their successors in interest and assigns, in connection with efforts to develop the 15' Easement across the Weiner Tract, or to obtain steep slope, grading, construction or building permits or to otherwise develop and improve the Defendants' tracts. Plaintiffs further covenant that in the event such steep slope, grading, construction and building permits are granted, they will reasonably cooperate to ensure that no existing structure or landscaping poses an impediment to developing the 15' Easement across the Weiner Tract and to remove, at Plaintiffs' own cost, any such existing structures or landscaping.

17. Each of the Parties executes this Settlement Agreement and Mutual Release acting upon their independent judgment and/or upon the advice of their respective counsel, without any representations or inducements, express or implied, of any kind or nature, from each to the other, except as specifically set forth herein.

18.     This Settlement Agreement and Mutual Release is binding upon and intended to benefit the Parties, successors, heirs, assigns, lien claimants, personal representatives, individual property owners and members and all others including, but not limited to: individuals, partnerships and corporations, if any, connected with the subject matter previously mentioned herein in this Release.

19.     If any term or provision hereof is illegal or invalid for any reason whatsoever, such illegality or invalidity shall not affect the validity of the remainder of this Agreement.

20.     This Release, its validity, the construction of its terms and the interpretation of rights and duties of the Parties hereto, shall be governed and construed under the laws of the State of New Mexico. Venue for any action to enforce this Agreement shall lie only in state district court, Taos County, New Mexico.

21.     This Release may be executed in one or more counterparts, each of which, after each party has signed and delivered at least one such counterpart to each other party, shall have the same force and effect as an original executed by all parties. This Release may be executed via facsimile or electronic (PDF) delivery which shall be as effective as if the signed original counterpart was delivered.

22.     This Release is not intended to, nor shall it be construed to create or confer any rights or benefits in any person or entity not a party, except to the extent that it benefits or inures to the benefit of the Parties heirs, successors and assigns, or as otherwise expressly provided herein.

23.     In the event of a breach of the terms of this Mutual Release of Claims, the non-prevailing party shall pay the prevailing party's costs and attorney's fees.

24.     In the negotiation of this Mutual Release of Claims, Plaintiffs are represented by John Reenan, Dallas, Texas and Bradford Berge, Santa Fe, New Mexico. Defendants are represented by Karen Aubrey, Santa Fe, New Mexico.

25.     The Parties agree to jointly present an executed and approved Agreed Motion and Order of Dismissal to the Court to dismiss the Lawsuit (and the Counterclaims) with prejudice.

26.     The Parties and their counsel agree to cooperate with each other in the drafting and execution of such additional documents as are reasonably requested or required to implement the provisions and spirit of this Settlement Agreement and Mutual Release; including that each Party agrees to execute such further documents as may be required to effectuate the terms hereof, including any necessary corporate or partnership resolution(s), consents, or amendments.

27. Each of the individual persons executing this Settlement Agreement and Mutual Release on behalf of the Parties hereto, hereby individually (and on behalf of the Party for whom they execute and in all capacities) warrant and represent to the other Parties, that they have the full authority to bind the party(ies) on whose behalf they purport to sign to the terms, warranties, representations and covenants of this Settlement Agreement and Mutual Release. Each Party hereby further WARRANTS AND REPRESENTS that the interests conveyed, claims, suits, causes of action, rights and/or interests which are the subject matter of the Controversy, and this Settlement Agreement and Mutual Release are owned wholly by them and have not been assigned, transferred, conveyed, promised or sold, heretofore, to anyone else.

IN WITNESS WHEREOF the Parties hereto have accepted and agreed to this Agreement.

_____
James R. Thompson
Date: 2/29/16

_____
Clifford M. Weiner
Date: 2-29-16


_____
Daphne Gammon
Date:_____

_____
Nancy E. Walker
Date:_____

AGREED:

_____
John Reenan, Counsel for James R. Thompson and Clifford M. Weiner

Date:_____

_____
Karen Aubrey, Counsel for Daphne Gammon and Nancy E. Walker

Date:_____

STATE OF TEXAS
COUNTY OF Dallas

The foregoing instrument was acknowledged before me on this 29th day of February 2016 by James R. Thompson.

_____Mary Flannery_____
Notary Public

My Commission expires

6/8/19

MARY FLANNERY
Notary Public, State of Texas
My Commission Expires
June 08, 2019

STATE OF TEXAS
COUNTY OF Dallas

The foregoing instrument was acknowledged before me on this 29th day of February 2016 by Clifford M. Weiner.

_____Mary Flannery_____
Notary Public

My Commission expires

6/8/19

MARY FLANNERY
Notary Public, State of Texas
My Commission Expires
June 08, 2019

Date: Feb. 26, 2016

*Daphne J. Gammon* (signature)
Daphne Gammon

Date: Feb. 26, 2016


_____
Nancy E. Walker

Date:_____

My Commission expires

_____

STATE OF NEW MEXICO
COUNTY OF TAOS

    The foregoing instrument was acknowledged before me on this _26_ day of FeBruary _____ 2016 by Daphne Gammon.

                        _[signature]_
                        Notary Public

My Commission expires

_7-22, 2016_

STATE OF KANSAS
COUNTY OF _____

    The foregoing instrument was acknowledged before me on this ___ day of _____ 2016 by Nancy E. Walker.

                        _____
                        Notary Public

My Commission expires

_____

17. Each of the individual persons executing this Settlement Agreement and Mutual Release on behalf of the Parties hereto, hereby individually (and on behalf of the Party for whom they execute and in all capacities) warrant and represent to the other Parties, that they have the full authority to bind the party(ies) on whose behalf they purport to sign to the terms, warranties, representations and covenants of this Settlement Agreement and Mutual Release. Each Party hereby further WARRANTS AND REPRESENTS that the interests conveyed, claims, suits, causes of action, rights and/or interests which are the subject matter of the Controversy, and this Settlement Agreement and Mutual Release are owned wholly by them and have not been assigned, transferred, conveyed, promised or sold, heretofore, to anyone else.

IN WITNESS WHEREOF the Parties hereto have accepted and agreed to this Agreement.

_____
James R. Thompson

Date:_____


_____
Clifford M. Weiner

Date:_____


_____
Daphne Gammon

Date:_____


_____*Nancy E Walker*_____
Nancy E. Walker

Date: *Febu 26 2016*

STATE OF NEW MEXICO
COUNTY OF TAOS

The foregoing instrument was acknowledged before me on this ___ day of _____ 2016 by Daphne Gammon.

_____
Notary Public

My Commission expires

_____


STATE OF KANSAS
COUNTY OF Johnson

The foregoing instrument was acknowledged before me on this 26 day of Feb. 2016 by Nancy E. Walker. for

_Elvira Rahman_____
Notary Public

My Commission expires

9/16/2018

NOTARY PUBLIC - State of Kansas
ELVIRA RAHMAN
My Appt. Expires 9/16/2018